JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| US BANK N.A. | Case No. CV 15-10019-AB (GJSx) |
| Plaintiff, | |
| v. | **ORDER REMANDING CASE TO STATE COURT** |
| LEONARD CONTIER et al., | |
| Defendants. | |

On December 31, 2015, Defendant Emanuela Guzzon, having been sued as a tenant-Defendant in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action to this Court. (Docket No. 1.) For the reasons set forth below, the Court **REMANDS** this case for lack of subject matter jurisdiction.

As a routine unlawful detainer action, Plaintiff could not have brought this action in federal court initially because the complaint does not competently allege facts creating subject matter jurisdiction, rendering removal improper. 28 U.S.C. §1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005).

First, under 28 U.S.C. §§ 1331, 1441(b), this unlawful detainer action does not give rise to a federal question or substantial question of federal law because unlawful detainer "is purely a creature of California law." *Wells Fargo Bank v. Lapeen*, 2011

1

WL 2194117 (N.D. Cal. June 6, 2011). Guzzon's reliance on the Fair Debt Collection Practices Act is misplaced. It appears that Guzzon invokes the FDCPA as an affirmative defense, however, "it is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Guzzon also invokes admiralty and maritime law, but Plaintiff's unlawful detainer action clearly does not implicate those areas of federal law. As such, this action does not give rise to federal question jurisdiction.

Second, this unlawful detainer action does not give rise to diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(b). The underlying complaint states that the amount in controversy does not exceed $10,000. Moreover, removal on the basis of diversity jurisdiction is not proper because Guzzan resides in the forum state. 28 U.S.C. § 1441(b).

Accordingly, the Court: (1) **REMANDS** this case to the Superior Court of California, County of Santa Barbara, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) **ORDERS** the Clerk to send a certified copy of this Order to the state court; and (3) **ORDERS** the Clerk to serve copies of this Order on the parties.

**IT IS SO ORDERED**.

Dated: January 6, 2016

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE